[Crim. No. 14646. In Bank. Oct. 29, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
GLENN ALLAN REILLY, Defendant and Appellant.

422

## COUNSEL

Donald F. Roeschke, under appointment by the Supreme Court, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and James H. Kline, Deputy Attorney General, for Plaintiff and Respondent.

## OPINION

BURKE, J.—Glenn Allan Reilly was charged with the murder of Wanda Lee Orr. The trial court, sitting without a jury, found him guilty of voluntary manslaughter, after the cause was submitted on the preliminary hearing transcript and the evidence received during a partial jury trial. Defendant appeals, contending that the evidence is insufficient to support the finding that he killed Mrs. Orr. We have concluded that the contention lacks merit and that the judgment should be affirmed.

Between 9 and 9:30 a.m. on November 21, 1967, an employee of a bar in Torrance observed defendant and Mrs. Orr arguing in the parking lot behind the bar. Mrs. Orr and defendant were struggling, and he slapped her twice around her face and shoulders, grabbed her, and forced her into his car. Defendant then got into the car and started to back the car out of its parking place. When he "sort of stopped for a turn" she jumped from the slowly moving car, landing on her hands and knees, and ran away. Defendant then drove off.

A few minutes later Griffin Spencer met Mrs. Orr at another nearby bar. He observed that she was intoxicated and had skinned places on her knees and ankles and a bruise on her thigh but saw no bruises on her face or arms. He told her she could lie down in his car, which was parked outside, until she felt better. They went out to his car and went to sleep. Most of the day they remained in the car. They returned to the bar about 5 p.m. and stayed there until 7 or 7:30 p.m. when he drove her home. She was then sober.

They arrived at her home between 8 and 8:30 p.m. The door was unlocked, the house was dark, and defendant was sitting in the kitchen. Mrs. Orr told defendant that if he did not leave she would call the police, but when she picked up the phone defendant threatened to rip it off the wall if she tried to use it. She and defendant then went outside the house, and Spencer remained in the kitchen eating some cake. Shortly thereafter he heard Mrs. Orr scream and when he went to the door he saw defendant strike her in the face with both fists four or five times and knock her on the ground. Spencer noticed a bruise on her face that he had not seen before. Mrs. Orr left. Spencer resumed eating his cake but left when defendant came back into the house and told him to leave because the police would arrive shortly. Spencer was at the house about 30 minutes.

Mark Orr, the victim's 18-year-old son, lived with his mother but on the nights of November 20 and 21, 1967, stayed at his father's hotel room.

About 10 p.m. on November 21 he stopped by his mother's house. He saw defendant, a frequent visitor of his mother, sitting in the kitchen sobbing with his head in his hands. Mark left, without looking into the bedrooms or seeing his mother, and returned to his father's room. When his father arrived a few minutes later, Mark said he had seen defendant at his mother's house. Although there was a phone in the room, his father went out, saying that he was going to call the police, and he returned about a half hour later.

About 7:45 the next morning Mark returned to his mother's home and found the doors and windows locked. Through a window he saw his mother lying in bed with her face cut and bruised. He broke into the house, discovered his mother was dead, and phoned the police.

The doctor who performed the autopsy testified that the cause of Mrs. Orr's death was "multiple injuries of the head, chest and abdomen, including lacerated aorta and liver." The doctor found numerous bruises on her body, specified hemorrhages, and fractures of her breast bone and of her ribs on both sides of her chest. He also observed superficial lacerations on the external genitalia, which, he stated, must have been made by "something that would come to a point," and a laceration on the wall of the vagina, which, he stated, possibly was caused by a sharp instrument. The doctor was unable to estimate the time of the decedent's death since the body had been embalmed before the autopsy.

Defendant did not testify, and no evidence was presented in his behalf.

In contending that the evidence is insufficient to support the finding that he killed Mrs. Orr, defendant points to the fact that from the autopsy surgeon's testimony it appears that some of her injuries were inflicted by an instrument, and he asserts that there is no evidence that he used an instrument upon her. Further, defendant states, the fact Mrs. Orr left after he assaulted her the second time indicates that was not the fatal assault, and he notes that there were no eyewitnesses to a subsequent assault.

It is clear, however, that the lack of eyewitnesses and of direct evidence that defendant used an instrument upon the decedent do not by themselves render the finding of guilt invalid for lack of evidentiary support. The People, of course, may rely on circumstantial evidence to connect the defendant with the commission of the crime charged and to establish beyond a reasonable doubt that he committed it. (*People* v. *Mosher*, 1 Cal.3d 379, 395 [82 Cal.Rptr. 379, 461 P.2d 659]; *People* v. *Teale*,

70 Cal.2d 497, 505 [75 Cal.Rptr. 172, 450 P.2d 564]; *People* v. *Hillery,* 62 Cal.2d 692, 702 [44 Cal.Rptr. 30, 401 P.2d 382].) ▇ An appellate court must view the evidence in the light most favorable to respondent and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People* v. *Mosher, supra; People* v. *Redmond,* 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].) " 'If the circumstances reasonably justify the trier of fact's findings, the opinion of the reviewing court that the circumstances might also be reasonably reconciled with a contrary finding does not warrant a reversal of the judgment.' " (*People* v. *Hillery, supra,* quoting from *People* v. *Robillard,* 55 Cal.2d 88, 93 [10 Cal.Rptr. 167, 358 P.2d 295, 83 A.L.R.2d 1086]; in accord, *People* v. *Mosher, supra, People* v. *Newland,* 15 Cal.2d 678, 680-683 [104 P.2d 778].) ▇ The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt. (*People* v. *Mosher, supra.*) The appellate court must determine whether a reasonable trier of fact could have found the prosecution sustained its burden of proving the defendant guilty beyond a reasonable doubt. (*People* v. *Redmond, supra; People* v. *Bassett,* 69 Cal.2d 122, 139 [70 Cal.Rptr. 193, 443 P.2d 777]; *People* v. *Hall,* 62 Cal.2d 104, 109-110 [41 Cal.Rptr. 284, 396 P.2d 700].)

▇ Here the evidence established defendant's propensity to beat the decedent. Twice within 24 hours of her death he committed a brutal assault upon her with his fists or hands, and from the recited evidence it may be inferred that during the fatal assault she was severely beaten, as well as being lacerated with a pointed instrument. Added to the foregoing is the inference which the trier of fact could consider from the evidence of defendant sitting by himself sobbing on the night of the homicide in the immediate vicinity of the place where the body was found the next morning.

In the light of the surrounding circumstances the trial court could reasonably have inferred that defendant's emotionally disturbed state was due to remorse over having committed the fatal assault upon the decedent.[1]

---

[1]Although testimony by Mark Orr that on November 20, 1967, defendant mentioned the death of his son in Vietnam permitted the trial court instead to have inferred that defendant's emotionally disturbed state was due to his son's death, it, of course, "is not the province of this court . . . to choose between different inferences which reasonably may be drawn from the testimony." (*People* v. *Hills,* 30 Cal.2d 694, 701 [85 P.2d 11]: in accord, *People* v. *Showers,* 68 Cal.2d 639, 644-645 [68 Cal.Rptr. 459, 440 P.2d 939].)

▇

We are satisfied that the evidence is sufficient to support the trial court's finding that defendant killed decedent.

The judgment is affirmed.

McComb, Acting C. J., Peters, J., Tobriner, J., Mosk, J., Sullivan, J., and Files, J.,* concurred.

*Assigned by the Chairman of the Judicial Council.