Filed 5/20/13  P. v. Nguyen CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Yolo)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>HOANG CONG NGUYEN,<br><br>    Defendant and Appellant. | C068944<br><br>(Super. Ct. No. CRF102350) |

A jury found defendant Hoang Cong Nguyen guilty of multiple violent crimes, including assault with intent to commit rape during a burglary (Pen. Code,[1] § 220, subd. (b)) and attempted rape (§§ 21a, 664, subd. (a), 261, subd. (a)(2)).  The jury also found true multiple sentencing enhancement allegations, including enhancements for great bodily injury.  The trial court sentenced defendant to an aggregate term of 19 years to life in state prison.

On appeal, defendant contends the trial court erroneously instructed the jury regarding the infliction of great bodily injury during a sexual assault.  He further

---

[1] Further undesignated statutory references are to the Penal Code.

1

contends insufficient evidence supported the great bodily injury allegation as to count 8, a claim with which we agree. He adds a claim of error in the oral pronouncement of sentence and the resulting abstract of judgment, which the People concede and with which we agree.

Our review of the record reveals an additional error that resulted in an unauthorized sentence--the trial court failed to order defendant to register as a sex offender under section 290.

We will order the judgment modified and the abstract amended accordingly. As modified, we shall affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

*Offense Conduct*

On May 6, 2010, defendant was in the apartment of Diem Trinh Dang, his ex-girlfriend, and her sister, Dao Nguyen Dang.[2] He was alone with Dao. While sitting at her desk, Dao felt a "shocking sensation" under her right arm. Defendant grabbed Dao from behind and, while Dao was still seated, repeatedly shocked Dao with a stun gun as she struggled to get away from him. Dao was able to stand, but was not able to get away from defendant as he continued to shock her.

As Dao and defendant struggled, Dao yelled for help several times and asked defendant to stop. He did not stop, and as they continued to struggle, he tried to undress Dao.

Dao was able to reach a knife and stab defendant in the leg. Then, weak from the repeated shocks, Dao fell to the ground and lay motionless, hoping defendant would think she was unconscious. When Dao opened her eyes, she saw defendant's pants and underwear were around his ankles. She also saw defendant's penis. As she lay on the

---

[2] Because the Dang sisters share the same surname, we refer to them by their respective first names. Because the People reveal the victim's full name in their briefing, so do we.

2

ground, defendant began shocking Dao with the stun gun again. Dao moved toward the front door; she opened the door and went down the steps to the outside of the apartment building. A passerby helped Dao walk to the apartment manager's office and law enforcement arrested defendant shortly thereafter.

Dao was psychologically traumatized by the assault. She sustained multiple welts on her torso, neck, back, and flanks and a cut on her breast. Defendant admitted he was infatuated with Dao, and had dreams about her being undressed. He admitted to searching for stun guns online and buying the one he used to assault Dao on his way to Dao's apartment. He also admitted using the stun gun on Dao.

*Charges*

The People charged defendant with assault with intent to commit rape during a burglary (§ 220, subd. (b); count 1), assault with intent to commit rape (§ 220, subd. (a); count 2), first degree burglary (§ 459; count 3), attempted rape (§§ 664, subd. (a), 261, subd. (a)(2); count 4), false imprisonment with force or violence (§§ 236, 237, subd. (a); count 5), and three counts of assault with a deadly weapon (§ 245, subd. (a)(1); counts 6-8).

Counts 1 through 5 also alleged that defendant personally used a dangerous and deadly weapon during the commission of those crimes. (§ 12022, subd. (b)(1).) Counts 1, 2, and 4 alleged that defendant inflicted great bodily injury on his victim during the commission of a sex offense. (§ 12022.8.) Counts 5 through 8 also alleged that defendant personally inflicted great bodily injury on someone other than an accomplice. (§ 12022.7, subd. (a).)

*Verdicts*

The jury found defendant guilty on counts 1, 3, 4, 5, 6, and 8, finding him not guilty on count 7. Count 2 was later stricken. The jury found true all of the enhancement allegations on the counts of conviction. The trial court sentenced defendant to an aggregate term of 19 years to life in state prison.

## DISCUSSION

### I

### *Claim of Instructional Error*

Defendant first contends the trial court erred in providing the jury with a pinpoint instruction requested by the People, arguing that the instruction was misleading and denied defendant due process. We are not persuaded.[3]

#### A. *The Instruction*

The trial court instructed the jury in pertinent part as follows: "Great bodily injury means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm.

"If a victim of unlawful sexual conduct experiences physical injury and accompanying pain beyond that ordinarily experienced by victims of like crimes, such additional injury may be used to determine whether the victim suffered great bodily injury."

#### B. *Sexual Offense*

Defendant first argues the last paragraph of this instruction "was erroneous because here there was no sexual offense committed, . . . ." However, defendant was convicted of attempted *rape*. Attempted rape is a sexual offense. (See *People v. Jones* (2012) 54 Cal.4th 1, 53 [a prior attempted rape is admissible under Evidence Code section 1108 as evidence of a prior *sexual offense* demonstrating defendant's propensity to commit sexual offenses].) Indeed, as we briefly discuss *post*, as a result of his conviction for attempted rape, defendant faces mandatory lifetime registration as a sex offender. (§ 290, subds. (b)-(c); *People v. Miranda* (2011) 199 Cal.App.4th 1403, 1426

---

[3] The People contend defendant forfeited his due process claim by failing to object in the trial court. We shall reach the merits.

[every person convicted of attempted rape is subject to mandatory lifetime registration as a sex offender].) Thus defendant's argument fails.

### C. Additional Injury

Defendant also argues that the instruction at issue "suggested that virtually *any* additional injury would be sufficient to prove GBI." Specifically, he argues the instruction "strongly implies that so long as there is injury that one ordinarily wouldn't sustain in a forcible rape, then there is every likelihood that this additional injury constitutes GBI." We disagree.

The trial court instructed the jury that great bodily injury "means significant or substantial physical injury. It is an injury that is greater than minor or moderate harm." We assume "the jurors are intelligent persons and capable of understanding and correlating all jury instructions which are given." (*People v. Ramos* (2008) 163 Cal.App.4th 1082, 1088.) Thus, we assume the jury heeded the instruction informing it that not just *any* additional injury would constitute great bodily injury. Contrary to defendant's claim, the People's closing argument did not suggest otherwise.

### D. Fear Alone

Defendant also contends the People's closing argument relied on the pinpoint instruction to argue the jury could find true the enhancement allegation based on the victim's fear alone, compounding the error.

The portion of the People's closing argument relative to this claim is as follows: "When you have a violent sexual assault, and there's more injury and pain caused to you other than just that sexual assault you can consider that. And that's what we have here. We don't just have someone who, because of the fear instilled in her, forced her to have sex, we have her being -- electrical current running through her body the entire time in order to get her to comply."

Defendant claims this argument implied that "simply the victim's fear that was the result of the violent sexual assault would be sufficient to constitute GBI." To the

5

contrary, we interpret the argument as acknowledging that although a defendant may commit sexual assault solely by use of fear or duress, and cause no visible, physical injury, where, as here, a defendant *does* employ physical violence *to accomplish the assault*, the jury may consider any resulting injuries when determining great bodily injury. The People's argument did not improperly suggest that fear alone constituted great bodily injury.

In sum, we find no error and no deprivation of defendant's right to due process.

II

*Great Bodily Injury--Count 8*

Defendant further contends there is insufficient evidence to sustain his conviction for inflicting great bodily injury on his victim in count 8 (the last of three counts charging assault with a deadly weapon). Defendant "does not contest that there was sufficient evidence for the jury to have concluded that [the victim] suffered great bodily injury during the course of the attack." Defendant's only claim is that "the evidence was insufficient for the jury to have concluded that there were two separate instances of [great bodily injury]." On this point, we agree.

A.    *Standard of Review*

In reviewing the sufficiency of the evidence supporting a conviction, we view the entire record in the light most favorable to the People to determine if it contains evidence from which a rational trier of fact could have found the elements of the offense beyond a reasonable doubt. (*People v. Valdez* (2004) 32 Cal.4th 73, 104.) "'The test on appeal is whether substantial evidence supports the conclusion of the trier of fact, not whether the evidence proves guilt beyond a reasonable doubt.'" (*People v. Johnson* (1980) 26 Cal.3d 557, 576, quoting *People v. Reilly* (1970) 3 Cal.3d 421, 425.)

B.    *Analysis*

The People charged and argued at trial that defendant committed three separate instances of assaultive conduct with the stun gun, counts 6, 7, and 8. The jury found him

6

guilty of two instances--counts 6 and 8--as well as the two accompanying allegations of great bodily injury. At sentencing, the trial court found the assault charged in count 8 to be a "separate assault based on the facts at trial. There was not only the opportunity to reflect, but there was a change in position, a change of the nature of things. There was a break in time while things were happening."

Defendant does not challenge the finding that he committed a second, renewed assault. He argues, however, the great bodily injury enhancement appended to count 8 "should have been stayed since there was no evidence that the injuries sustained pursuant to that stun gun use were in any way separate from the injuries from the earlier incidents." The People agree that the enhancement as to count 8 was "based on [defendant's] renewed attack on Dao, after she fell to the ground and pretended to pass out." They argue that because defendant "stunned [Dao] multiple times" in his renewed attack, the renewed attack resulted in great bodily injury.

To support a finding that the allegations of great bodily injury were true, the People were required to prove beyond a reasonable doubt that *each* assault *separately* resulted in great bodily injury--"a significant or substantial physical injury" (§ 12022.7, subd. (f))--to Dao, not merely that each assault *occurred* separately. The People failed to do so. Although the People argue that they were "not required to connect each [injury] to a specific count; it is enough that the injuries were separated temporally," here there is *no* evidence that the *injuries* were separated temporally, only that the assaults were separated temporally.

During the renewed assault, Dao was able to walk to the front door, open the door, walk down the stairs and find help. It appears undisputed that Dao was in pain from the use of the stun gun on her body throughout the renewed assault; we assume that she was, indeed, in substantial pain. However, the People presented no evidence that any of her *injuries*, as opposed to her pain, caused by the use of the stun gun were the result of the *renewed* assault. Although the People separated the multiple counts of assault in

7

argument, they did not attempt to do so for the great bodily injury enhancements. Nor was the jury asked to identify the injury specific to each count of assault that constituted great bodily injury.

Although Dao testified that the shocks she received during the renewed assault were painful, pain alone does not rise to the level of a significant or substantial *physical* injury, which is required to find great bodily injury. (See § 12022.7, subd. (f).) The People do not cite any authority to support their general claim that being stunned by a stun gun, without more, necessarily results in great bodily injury. The law is to the contrary. (See *People v. Racy* (2007) 148 Cal.App.4th 1327, 1333 [without infliction of injury by stun gun, expert testimony was required to show it was capable of inflicting great bodily injury in prosecution for elder abuse].)

Accordingly, we find there is insufficient evidence to support the great bodily injury enhancement appended to count 8. We shall strike the enhancement.

### III

### *Errors in Judgment*

#### A.    *Enhancement Allegations*

Defendant contends, and the People agree, the trial court incorrectly imposed sentence on the two separate enhancement allegations charged with count 1. Specifically, defendant should have received an additional *five-year term* for personally inflicting great bodily injury on his victim during the commission of his crime (§ 12022.8), and an additional *one-year* term for using a deadly weapon (§ 12022, subd. (b)(1)). The trial court instead imposed a sentence of one year for great bodily injury and five years for the deadly weapon, essentially "crossing" the sentences. This error occurred during oral pronouncement of sentence and is also reflected in the abstract of judgment. We shall order the judgment modified and the abstract amended accordingly.

8

B.      *Section 290 Registration Requirement*

In relevant part, section 290, subdivision (b) provides that "every person described in subdivision (c), for the rest of his or her life . . . shall be required to register" with the appropriate law enforcement authorities.  Under section 290, subdivision (c), any person who has been convicted of attempted rape is subject to the registration requirement.  Defendant was convicted of attempted rape.  Thus, the trial court was required to order defendant to register as a sex offender.  The court failed to do so.

The registration requirement is mandatory.  Therefore, the trial court's omission constituted an unauthorized sentence that we must correct even though it was not raised by the parties either at trial or on appeal.  (See *People v. Talibdeen* (2002) 27 Cal.4th 1151, 1157; *People v. Smith* (2001) 24 Cal.4th 849, 852, 854 (*Smith*).)  Since the erroneous omission of the sex offender registration requirement "presents a pure question of law with only one answer" (*Smith*, *supra,* 24 Cal.4th at p. 853), we will order the judgment modified without requesting supplemental briefing.[4]

## DISPOSITION

The sentencing enhancement for great bodily injury appended to count 8 is reversed and stricken.

The judgment is ordered modified to reflect correct terms of years as to the two separate enhancement allegations charged with count 1 and to add a section 290 registration requirement in accordance with this opinion.  As modified, the judgment is affirmed.

---

[4] Any party wishing to be heard on this issue may petition for rehearing.  (Gov. Code, § 68081.)

The trial court is directed to prepare an amended abstract of judgment and to send certified copies to the Department of Corrections and Rehabilitation and to defendant directly.  Defendant's counsel is directed to forward a copy of this opinion to defendant.


                  DUARTE      , J.


We concur:


    BLEASE      , Acting P. J.


    MAURO      , J.