Filed 3/21/14  P. v. Parks CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>CHRIST EDWARD PARKS,<br><br>    Defendant and Appellant. | F065605<br><br>(Super. Ct. No. BF138883B)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Stephen G. Herndon and Harry Joseph Colombo, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

A jury convicted appellant Christ Edward Parks of violating Penal Code section 186.22, subdivision (a), active participation in a criminal street gang, but the jury could not reach a decision on the substantive offense with which Parks was charged. His codefendant, Lazaroy Miller, was not convicted on any charge. *People v. Rodriguez* (2012) 55 Cal.4th 1125 (*Rodriguez*) held that section 186.22, subdivision (a) requires "that a person commit an underlying felony with at least one other gang member." (*Rodriguez,* at p. 1134 (lead opn. of Corrigan, J.).) Applying *Rodriguez,* we will reverse Parks's conviction on the basis of insufficient evidence.

### FACTUAL AND PROCEDURAL SUMMARY

On October 10, 2011, Parks and Miller were standing by the entrance of the D & A Market engaged in conversation. The police considered the market to be a location for drug sales. Bakersfield Police Officers Matthew Gregory and Isaac Aleman rolled into the parking lot and shined the patrol car's spotlight on the entrance. Parks and Miller quickly dispersed into the market.

Gregory and Aleman entered the market and found both Parks and Miller crouched down behind some shelves, attempting to hide. Both were detained. Trent Abraham, a known member of the street gang Country Boy Crips, also was in the market.

The officers noticed Parks walking in an unusual manner as he was being escorted to the patrol car. They soon determined that he had seven "rocks" of cocaine base concealed in a plastic bag in his buttocks area. Parks also had $16 in cash and a cell phone. Miller was searched and police found $66 and two cell phones.

When questioned about the bag of cocaine base found on him, Parks claimed he had found it on the ground and hid it on his person. He denied that Miller gave him the baggie. Miller told police that he had walked to the market to buy some beverages, but he had no beverages in his possession when he was detained.

2.

### *The Charges*

Parks and Miller were charged with possession of cocaine base for sale (count 1) and with active participation in a criminal street gang (count 3). Miller was solely charged with transportation or furnishing of a controlled substance (count 2).

### *The Trial*

Gregory testified as an expert in possession of narcotics for sale. His expertise included the "team sales" approach, where gang members divide the money and narcotics to make prosecution more difficult. Gregory opined that Parks possessed the narcotics for sale. Gregory based this opinion on Parks having seven rocks of cocaine, each separately wrapped; he had a cell phone and some cash; and he was loitering in an area known for narcotics sales.

Robert Woods, an officer with the Bakersfield Police Department, testified as an expert on street gangs. Country Boy Crips is a gang in Bakersfield whose primary activities include narcotics violations, narcotics trafficking, weapons violations, possessing weapons, robberies, burglaries, witness intimidation, homicide, aggravated assaults, and shootings. Woods based this opinion on numerous crimes committed by Country Boy Crips members since 2009, including a prior conviction of Miller's for possession of ecstasy for sale.

Woods opined that both Parks and Miller were members of the Country Boy Crips gang. He claimed both had admitted gang membership in the past. Both Miller and Parks had been contacted by police numerous times in known gang territory with known gang members. The D & A Market is in Country Boy Crips gang territory; it is a known site of narcotics sales by the gang's members; and only gang members are allowed to sell narcotics at that location.

Miller testified he was not a member of the Country Boy Crips. On the night of October 10, 2011, Miller was at a family gathering near the D & A Market and went to the market to buy beer. Miller had placed some beer on the counter for purchase when he

3.

spotted a friend and went over to talk. Police came into the store and told Miller to "get the fuck on the ground." Miller was then taken outside and arrested.

Harlan Hunter, a private investigator, testified on behalf of Parks as a gang expert. In his opinion, Parks was not a member of the Country Boy Crips on October 10, 2011. Hunter based this opinion on several factors, including (1) a 2006 court order adjudging Parks to be "mentally retarded"; (2) Parks's address in a rival gang's territory; (3) a letter from Parks's special education teacher indicating Parks functioned at an elementary school level; (4) the absence of gang tattoos; (5) the lack of information about Parks being recruited into a particular subset of Country Boy Crips because all Country Boy Crips members had to be part of a particular subset; and (6) the lack of any evidence Parks associated with gang members in the sense of planning or facilitating any crimes.

The trial court instructed the jury with CALCRIM No. 1400, which instructs on section 186.22, subdivision (a). During deliberations, the jury sent a note to the trial court asking questions about the count 3 offense of active participation in a criminal street gang. One of the questions the jury asked was whether a guilty verdict on the count 3 offense could be returned if there was no guilty verdict on counts 1 or 2. The jury also asked for the trial court to clarify further what "participating in a criminal street gang" meant and whether one could "participate in a gang without personally commit[t]ing a crime." The trial court responded by referring the jury to CALCRIM No. 1400.

Eventually, the jury acquitted Miller of the count 2 offense. The jury could not reach a verdict on the remaining counts against Miller and the charges were dismissed on the motion of the prosecution. As to Parks, the jury could not reach a verdict on the count 1 offense and the trial court declared a mistrial. On June 22, 2012, on the prosecution's motion, the count 1 charge was dismissed. The only guilty verdict returned by the jury was as to Parks on the count 3 offense, active participation in a criminal street gang.

4.

### *The Judgment*

The trial court sentenced Parks to a term of two years in state prison, and he was given 441 days of presentence credits.

### *The Death of Appellant*

During the pendency of this appeal, this court was notified of the death of appellant. Pursuant to California Rules of Court, rule 8.244, it is discretionary with this court as to whether the appeal will be dismissed. In the interests of justice, we decline to dismiss the appeal and instead render an opinion on the merits. (*In re Sodersten* (2007) 146 Cal.App.4th 1163, 1170-1171.)

## DISCUSSION

In his opening brief on appeal, Parks asserts that CALCRIM No. 1400 misstates the law and it was prejudicial error to instruct with CALCRIM No. 1400.

By letter dated February 6, 2014, this court requested the parties file a letter brief addressing the issue of whether, in light of *Rodriguez, supra,* 55 Cal.4th 1125, there was sufficient evidence to sustain the count 3 verdict against Parks. Both parties filed letter briefs.

In his letter brief, Parks contends the evidence was insufficient to support his conviction for violating section 186.22, subdivision (a); the People contend that the conviction can be upheld, despite the lack of any underlying conviction and the lack of evidence that Parks acted in conjunction with any other member of the gang. We agree with Parks and conclude the evidence was insufficient. There is no credible evidence that Parks committed, or aided and abetted, an underlying felony with at least one other gang member as required for a conviction. (*Rodriguez, supra,* 55 Cal.4th at p. 1134.)

### *Gang Offense*

Section 186.22, subdivision (a) provides, in part:

"Any person who actively participates in any criminal street gang with knowledge

5.

that its members engage in or have engaged in a pattern of criminal gang activity, and who willfully promotes, furthers, or assists in any felonious criminal conduct by members of that gang, shall be punished .…"

The trial court instructed the jury with CALCRIM No. 1400, which instructs on section 186.22, subdivision (a). As given to the jury, the instruction listed the primary activities of the criminal street gang as "possession for sale or sale or transportation of cocaine base." The instruction informed the jury that in order to decide whether "a member of the gang or the defendant committed possession for sale, sale, transportation or furnishing cocaine base" they were to look to other separate instructions. Felonious criminal conduct was defined as "possession, possession for sale, [and] sale or transportation of cocaine base." The jury was instructed that Parks and Miller were charged with a violation of section 186.22, subdivision (a) in count 3 and:

"To prove that the defendants are guilty of this crime, the People must prove that:

"1. The defendants actively participated in a criminal street gang;

"2. When the defendants participated in the gang, [they] knew that members of the gang engage in or have engaged in a pattern of criminal gang activity;

AND

"3. The defendants willfully assisted, furthered, or promoted felonious criminal conduct by members of the gang either by:

"a. directly and actively committing a felony offense;

OR

"b. aiding and abetting a felony offense.

"Active participation means involvement with a criminal street gang in a way that is more than passive or in name only."

Here, as discussed below, the record fails to disclose any evidence that Parks (1) committed an underlying felony or (2) acted in concert with other gang members.

6.

### *Standard of Review*

The test of sufficiency of the evidence under the due process clause of the Fourteenth Amendment to the United States Constitution is whether, reviewing the whole record in the light most favorable to the judgment below, substantial evidence was disclosed such that a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578; accord, *Jackson v. Virginia* (1979) 443 U.S. 307, 319.) Substantial evidence is that evidence which is "reasonable, credible, and of solid value." (*Johnson*, at p. 578.) An appellate court must "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. [Citations.]" (*People v. Reilly* (1970) 3 Cal.3d 421, 425.) An appellate court must not reweigh the evidence (*People v. Culver* (1973) 10 Cal.3d 542, 548), reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact (*In re Frederick G.* (1979) 96 Cal.App.3d 353, 367). "Where the circumstances support the trier of fact's finding of guilt, an appellate court cannot reverse merely because it believes the evidence is reasonably reconciled with the defendant's innocence. [Citations.]" (*People v. Meza* (1995) 38 Cal.App.4th 1741, 1747.) This standard of review is applicable regardless of whether the prosecution relies primarily on direct or on circumstantial evidence. (*People v. Lenart* (2004) 32 Cal.4th 1107, 1125.)

### *Insufficient Evidence*

"The elements of the gang participation offense in section 186.22(a) are:  First, active participation in a criminal street gang, in the sense of participation that is more than nominal or passive; second, knowledge that the gang's members engage in or have engaged in a pattern of criminal gang activity; and third, the willful promotion, furtherance, or assistance in any felonious criminal conduct by members of that gang." [Citation.] (*Rodriguez, supra,* 55 Cal.4th at p. 1130.)

Parks contends, as a matter of law, that an individual acting alone cannot be guilty of the substantive offense of active participation in a criminal street gang. In *Rodriguez, supra*, 55 Cal.4th 1125, the California Supreme Court agreed with the position advocated by Parks -- that a gang member who commits a felony, but acts alone, does not violate section 186.22, subdivision (a). Looking to the plain language and grammatical structure of the statute, the court reasoned: "Section 186.22(a) speaks of 'criminal conduct by *members* of that gang.' (Italics added.) '[M]embers' is a plural noun. The words 'promotes, furthers, or assists' are the verbs describing the defendant's acts, which must be performed willfully. The phrase 'any felonious criminal conduct' is the direct object of these verbs. The prepositional phrase 'by members of that gang' indicates who performs the felonious criminal conduct. Therefore, to satisfy the third element [of the offense], a defendant must willfully advance, encourage, contribute to, or help *members* of his gang commit felonious criminal conduct. The plain meaning of section 186.22(a) requires that felonious criminal conduct be committed by at least two gang members, one of whom can include the defendant if he is a gang member. [Citation.]" (*Rodriguez*, at p. 1132 (lead opn. of Corrigan, J.); accord, *id*. at pp. 1139-1140 (conc. opn. of Baxter, J.).)

Here, there was no substantial evidence Parks was acting in cooperation with anyone. Although there was some suggestion at trial that Parks and Miller were working together in a team-sales fashion, the jury was not convinced. The jury acquitted Miller on count 2 and was unable to reach a verdict on count 1 as to either Miller or Parks. The People acknowledge in their letter brief that "there was no evidence to suggest that on October 10, 2011 [Parks] and Miller were working as a team to sell cocaine base." Accordingly, we can only speculate Parks and Miller aided and abetted each other or were coparticipants acting in concert. Speculation is not evidence, much less substantial evidence. (*People v. Waidla* (2000) 22 Cal.4th 690, 735 (*Waidla*).)

Despite their admission that there was no evidence Parks and Miller acted together, the People argue that the evidence shows Parks possessed cocaine base, that such possession willfully promoted, furthered, or assisted the Country Boy Crips gang, and that lack of a conviction on any underlying offense is "immaterial."

Even if we were to accept that no underlying conviction was necessary and that the evidence established possession of cocaine base by Parks, the People's position totally thwarts the holding of *Rodriguez. Rodriguez* is abundantly clear that in order to "avoid punishing mere gang membership," section 186.22, subdivision (a) requires that "a person commit an underlying felony with at least one other gang member." (*People v. Rodriguez, supra,* 55 Cal.4th at p. 1134.) As the People have acknowledged, there is no evidence Parks committed any offense *with* another gang member.

In addition, there was no underlying felony supporting the section 186.22, subdivision (a) offense. The jury did not return a verdict of guilty as to either Parks or Miller on either of the charged underlying offenses. Consequently, there is only speculation that Parks engaged in the willful promotion, furtherance, or assistance in any *felonious criminal conduct* by members of that gang and speculation will not suffice. (*Rodriguez, supra,* 55 Cal.4th at p. 1130; *Waidla, supra,* 22 Cal.4th at p. 735.)

Moreover, assuming substantial evidence would support a conviction for a possession of cocaine base offense, possessory offenses are committed and completed by an individual alone. Consequently, the requirements for a section 186.22, subdivision (a) offense as set forth in *Rodriguez,* namely, that the offense be committed with another gang member, would not be met.

For these reasons, Parks's conviction on count 3 must be reversed.

### CALCRIM No. 1400

Parks contends that his conviction on count 3 must be reversed because the trial court misinstructed the jury on the elements of street terrorism, also known as active gang participation, as defined in section 186.22, subdivision (a). Because we reverse the

section 186.22, subdivision (a) conviction on the basis of insufficient evidence, we need not address Parks's claim that CALCRIM No. 1400 misstates the law.

## DISPOSITION

The judgment is reversed.

_____
CORNELL, Acting P.J.

WE CONCUR:


_____
GOMES, J.


_____
PEÑA, J.

10.