Filed 4/14/16  P. v. Perez CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DOMINIC JOSEPH PEREZ,<br><br>    Defendant and Appellant. | D068078<br><br><br><br>(Super. Ct. No. SCE338718) |

APPEAL from a judgment of the Superior Court of San Diego County, John M. Thompson, Judge.  Affirmed.

Rex Adam Williams, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler and Julie L. Garland, Assistant Attorneys General, Barry Jay Carlton and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Dominic Joseph Perez appeals from a judgment entered after a jury convicted him of carjacking (Pen. Code,[1] § 215, subd. (a)) and found true the allegation that he personally used a deadly or dangerous weapon, a knife, in the commission of the offense within the meaning of section 12022, subdivision (b)(2). During his presentence hearing, Perez admitted the prior conviction and prison term allegations. The court then sentenced Perez to a total term of 19 years in prison.

On appeal, Perez contends the evidence is insufficient to support the allegation that he used a knife in committing the carjacking. We affirm the judgment.

FACTUAL AND PROCEDURAL BACKGROUND

On March 8, 2014, Antonio Vasquez, a carwash employee, was in his car on a lunch break when Perez and another man pulled Vasquez out of the car and began "kicking and beating" him for approximately five minutes. When a customer attempted to intervene, Perez struck him in the face and "took out a knife." The customer returned to his vehicle. Another carwash employee, Kizer Dickerson, observed the fight and told the attackers to stop. Dickerson saw the customer intervene and Perez punch the customer in the face twice. When Dickerson reacted, Perez pulled out the knife. After striking Vasquez again, Perez drove off in Vasquez's vehicle. Two days after the assault, a San Diego police officer arrested Perez and found "a silver folding knife with a blade open" under a parked vehicle next to Perez.

---

[1]     Statutory references are to the Penal Code.

At trial, Vasquez described Perez's use of the knife:  "[Perez] took it out like this towards the customer and he had it there in his hand."  Dickerson explained Perez wielded the knife "[l]ike it was a gun at first, and so I backed off."

DISCUSSION

Perez contends the evidence supporting the allegation that he personally used a knife in the commission of the carjacking is insufficient because no substantial evidence shows he displayed the knife in a menacing manner; therefore, the jury could not conclude he used a knife within the meaning of section 12022, subdivision (b)(2).  As we will explain, we disagree.

A.  *Standard of Review*

When an appellant challenges the sufficiency of the evidence on appeal, we must review the whole record in the light most favorable to the judgment to determine whether substantial evidence is disclosed such that a reasonable trier of fact could find the essential elements of the crime beyond a reasonable doubt.  (*People v. Manibusan* (2013) 58 Cal.4th 40, 87.)  Substantial evidence is evidence that is "reasonable, credible, and of solid value."  (*Ibid.*)  We must "presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence."  (*People v. Reilly* (1970) 3 Cal.3d 421, 425.)  We do not reweigh the evidence (*People v. Culver* (1973) 10 Cal.3d 542, 548), reappraise the credibility of the witnesses, or resolve factual conflicts, as these are functions reserved for the trier of fact.  (*People v. Koua Xiong* (2013) 215 Cal.App.4th 1259, 1268.)  "Moreover, unless the testimony is physically impossible or inherently improbable, testimony of a single witness is sufficient to support a

3

conviction." (*People v. Young* (2005) 34 Cal.4th 1149, 1181.) " 'A reversal for insufficient evidence "is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support' " the jury's verdict.' " (*Manibusan*, 58 Cal.4th at p. 87.)

These principles apply to enhancement allegations such as that found true by the jury in this case. (*People v. Hajek and Vo* (2014) 58 Cal.4th 1144, 1197 (*Hajek*), abrogated on other grounds in *People v. Rangel* (Mar. 28, 2016, S076785) __Cal.4th__ [2016 WL 1176584].)

B. *Legal Principles*

Under section 12022, subdivision (b)(1), "[a] person who personally uses a deadly or dangerous weapon in the commission of a felony . . . shall be punished by an additional and consecutive term of imprisonment." (See also *Hajek*, *supra*, 58 Cal.4th at p. 1197.) If that person "has been convicted of carjacking, . . . the additional term shall be in the state prison for one, two, or three years." (§ 12022, subd. (b)(2).) Whether a defendant used a deadly or dangerous weapon in the commission of the offense is a question of fact for the jury. (*People v. Blake* (2004) 117 Cal.App.4th 543, 555.)

" 'In order to find "true" a section 12022[, subdivision] (b) allegation, a fact finder must conclude that, during the crime, . . . the defendant himself or herself intentionally displayed in a menacing manner or struck someone with an instrument capable of inflicting great bodily injury or death.' " (*Hajek*, *supra*, 58 Cal.4th at p. 1197.) To support the finding, the evidence requires "something more than merely being armed." (*People v. Chambers* (1972) 7 Cal.3d 666, 672.) "Although the use of a [weapon]

4

connotes something more than a bare potential for use, there need not be conduct which actually produces harm but only conduct which produces a fear of harm or force by means or display of a [weapon] in aiding the commission of one of the specified felonies." (*Ibid*.) On the other hand, the "passive display" of a weapon is not sufficient evidence where "the exposure was not an act in furtherance of the crime, but a mere incident of possession." (*People v. Granado* (1996) 49 Cal.App.4th 317, 324, quoted approvingly in *Hajek*, at p.1198.) "Thus when a defendant deliberately shows a [weapon], or otherwise makes its presence known, and there is no evidence to suggest any purpose other than intimidating the victim (or others) so as to successfully complete the underlying offense, the jury is entitled to find a facilitative use rather than an incidental or inadvertent exposure." (*Granado*, at p. 325.)

In the context of enhancement statutes such as section 12022, the term "use" is construed broadly to include cases interpreting the term as it is understood for purposes of section 12022.5, addressing the personal use of a firearm in the commission of a felony. (*Hajek*, *supra*, 58 Cal.4th at p. 1198.) For example, in *Granado,* the Court of Appeal upheld a firearm enhancement even though the victim was not aware the defendant had pulled out his gun during an attempted robbery. (*Granado*, *supra*, 49 Cal.App.4th at p. 325.) The *Granado* court reasoned: "To excuse the defendant from this consequence merely because the victim lacked actual knowledge of the gun's deployment would limit the statute's deterrent effect for little if any discernible reason." (*Id.* at p. 327.) The *Granado* court explained the underlying purpose for the enhancement statute is to address "the pervasive and inherent escalation of danger which arises from

5

the defendant's act of deployment. By merely bringing a gun 'into play,' the defendant removes impediments to its actual discharge and thus enhances the danger of violent injury not only through an intentional act by the victim or a third party, but through an impulsive or inadvertent act by the defendant." (*Ibid.*, italics omitted.) The California Supreme Court found this reasoning equally applicable in the context of the deadly or dangerous weapon use enhancement. (*Hajek*, at p. 1198.)

C. *Analysis*

Drawing all reasonable inferences and deductions from the record as we must, we conclude substantial evidence supports the jury's finding that Perez personally used a knife in the commission of the carjacking. At trial, Vasquez and Dickerson described how Perez pulled out the knife during the carjacking and wielded it "towards a customer" and "like it was a gun," suggesting it was pointed in a threatening manner. Perez's wielding of the knife caused a customer to retreat and Dickerson to avoid intervening on Vasquez's behalf. There is no indication that Perez's conduct was merely a passive display or use. The jury reasonably inferred that by taking out the knife as others approached, Perez engaged in "a deliberate display, intended to convey menace, for the purpose of advancing the commission of the offense." (*Granado*, *supra*, 49 Cal.App.4th at p. 325.) This suffices to establish "use" within the meaning of section 12022. The jury necessarily concluded from the testimony "there was no reasonable explanation for [Perez's] conduct other than a desire to facilitate the crime." (*Ibid.*) The record as a whole supports the jury's true finding as to the knife use enhancement.

6

## DISPOSITION

The judgment is affirmed.


O'ROURKE, J.

WE CONCUR:


McCONNELL, P. J.


NARES, J.