Filed 9/20/16  In re T.W. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re T.W, a Person Coming Under the Juvenile Court Law. | B269300 (Los Angeles County Super. Ct. No. YJ38131) |
| THE PEOPLE, Plaintiff and Respondent, v. T.W., Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Gibson Lee and David S. Wesley, Judges.[1]  Affirmed.

Holly Jackson, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Stephanie C. Brenan,

---

[1] The petition at issue in this case was adjudicated before Judge Gibson Lee. Further proceedings on an unrelated petition, and disposition on both petitions, were conducted by Judge David S. Wesley.

Supervising Deputy Attorney General, Charles S. Lee, Deputy Attorney General, for Plaintiff and Respondent.

_____

On September 17, 2015, a petition was filed pursuant to Welfare and Institutions Code section 602, alleging that defendant and appellant T.W., a minor, resisted a peace officer in violation of Penal Code section 148, subdivision (a)(1).[2] The juvenile court sustained the petition following an adjudicatory hearing and ordered T.W. suitably placed with a maximum period of confinement of three years, six months.[3] T.W. contends the evidence is insufficient to support the juvenile court's finding that he delayed a police officer in the discharge of his duties, claiming there was no evidence that he knew the arresting officer was attempting to stop him. We affirm.

**FACTS**

On September 15, 2015, at 1:00 p.m., Los Angeles Police Department Officer Dion Trimble responded to a call to the Nickerson Gardens Housing Development in Los Angeles. Another officer was remotely guarding the development, saw a group of juveniles in possession of a gun, and relayed a description of the juvenile in possession of the gun to Officer Trimble. Officer Trimble and his partner drove a marked black and white police cruiser to the housing development and saw a group of three juveniles, including T.W. T.W. matched the description of the minor in possession of a gun. Officer Trimble, in full uniform, exited the police vehicle. The three juveniles looked in the direction of the officers, then looked away and fled. Officer Trimble quickly ran after T.W. on foot, shouting as loudly as he could for T.W. to stop. The distance between the

---

[2] All further statutory references are the Penal Code unless otherwise indicated.

[3] Minor's maximum period of confinement on the section 148 violation was fixed at six months. The additional three years was the result of a separate petition that is not in issue on this appeal.

2

two was about "half the baseball field distance." Officer Trimble caught up with T.W. after about 45 seconds to a minute, when T.W. became tired and gave up running. The chase covered about four city blocks with a baseball field in between. Officer Trimble arrested T.W. without further incident.

## DISCUSSION

*Standard of Review*

The standard of review in juvenile cases is the same as for adult criminal appeals. (*In re Muhammed C.* (2002) 95 Cal.App.4th 1325, 1328.) We "'examine the whole record in the light most favorable to the judgment to determine whether it discloses substantial evidence—evidence that is reasonable, credible and of solid value—such that a reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. (*People v. Johnson* (1980) 26 Cal.3d 557, 578.) The appellate court presumes in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence. (*People v. Reilly* (1970) 3 Cal.3d 421, 425; accord, *People v. Pensinger* (1991) 52 Cal.3d 1210, 1237.)' (*People v. Kraft* (2000) 23 Cal.4th 978, 1053.)" (*In re Amanda A.* (2015) 242 Cal.App.4th 537, 545.) "Reversal on this ground is unwarranted unless it appears 'that upon no hypothesis whatever is there sufficient substantial evidence to support [the conviction].' (*People v. Redmond* (1969) 71 Cal.2d 745, 755.)" (*People v. Bolin* (1998) 18 Cal.4th 297, 331.)

*Analysis*

T.W. argues there was no evidence that he heard Officer Trimble's attempts to detain him, and therefore the evidence was insufficient sustain a finding he violated section 148. We disagree.

3

Section 148, subdivision (a)(1) provides, in relevant part: "Every person who willfully resists, delays, or obstructs any public officer, peace officer, or an emergency medical technician, . . . in the discharge or attempt to discharge any duty of his or her office or employment . . . shall be punished. . . ."

"The legal elements of a violation of section 148, subdivision (a) are as follows: (1) the defendant willfully resisted, delayed, or obstructed a peace officer, (2) when the officer was engaged in the performance of his or her duties, and (3) the defendant knew or reasonably should have known that the other person was a peace officer engaged in the performance of his or her duties. [Citations.]" (*People v. Simons* (1996) 42 Cal.App.4th 1100, 1108-1109; accord *In re Muhammed C.*, *supra*, 95 Cal.App.4th at p. 1329.) "Section 148 is most often applied to the physical acts of a defendant. (Cf. *In re Andre P.* (1991) 226 Cal.App.3d 1164, 1175.) For example, physical resistance, hiding, or running away from a police officer have been found to violate section 148. (*People v. Allen* (1980) 109 Cal.App.3d 981, 986-987; see *In re Gregory S.* (1980) 112 Cal.App.3d 764.)" (*In re Muhammed C.*, *supra*, at p. 1329.)

T.W. makes no argument that Officer Trimble was not in the performance of his duties when he chased after T.W., who matched the description of the juvenile in possession of the gun. T.W. is correct that running from an officer, without more, is generally not a crime. It was a violation of section 148, however, when T.W. became aware of Officer Trimble's shouted commands to stop and chose to continue fleeing. (See *People v. Allen*, *supra*, 109 Cal.App.3d at pp. 985-987 [fleeing from an officer can constitute resisting arrest or delaying a police officer when the person knows the officer wishes to detain him]; *In re Gregory S.*, *supra*, 112 Cal.App.3d at pp. 777-778 [starting to walk away from a police officer and struggling when an officer takes a minor's arm is sufficient to uphold a finding of a violation of section 148]; *People v. Lopez* (1986) 188 Cal.App.3d 592, 601-602 [fleeing after ignoring an officer's order to stop suggests a defendant knows an officer is attempting to detain him and provides sufficient evidence to support a conviction under section 148].) Contrary to T.W.'s assertion, *People v. Allen* does not require that a suspect engage in suspicious behavior prior to the attempted

4

detention; what *Allen* requires is that the officer be in the lawful performance of his duties and the suspect be aware an officer wishes to detain him. The distinction T.W. attempts to draw, in any event, is beside the point, as Officer Trimble testified that T.W. matched the description of the juvenile in possession of the gun, and T.W. ran immediately upon the officers' arrival. If suspicious behavior is required, it is present in this case.

Substantial evidence supports the juvenile court's factual determination that T.W. heard Officer Trimble's shouts to stop and ignored them. T.W. looked directly at Officer Trimble, who was in uniform, and watched him get out of a marked police cruiser, suggesting he knew Officer Trimble was a police officer before he chose to run. Officer Trimble's testimony regarding his two loud shouts support an inference that T.W. heard the commands to stop, knew Officer Trimble wished to detain him, but T.W. chose to continue to flee. T.W. evaded Officer Trimble for 45 seconds to a minute until T.W. was physically unable to continue running. "No evidence was offered to rebut [Officer Trimble's] testimony of these facts." (*People v. Lopez*, *supra*, 18 Cal.App.3d at pp. 601-602.) "There was no evidence, for instance, that the defendant was deaf and could not hear [Officer Trimble] as [he] ordered him to halt." (*Id*. at p. 602.) A reasonable trier of fact could find T.W. delayed Officer Trimble in the discharge of his duties.

T.W. argues that the evidence suggests that "the officer did not order [T.W.] to stop; and (2) [T.W.] did not hear such an order if it was given." T.W. asks us to impermissibly reweigh the evidence and reevaluate Officer Trimble's credibility, which we will not do. "Although we must ensure the evidence is reasonable, credible, and of solid value, nonetheless it is the exclusive province of the trial judge or jury to determine the credibility of a witness and the truth or falsity of the facts on which that determination depends. [Citation.] Thus, if the verdict is supported by substantial evidence, we must accord due deference to the trier of fact and not substitute our evaluation of a witness's credibility for that of the fact finder. [Citations.]" (*People v. Jones* (1990) 51 Cal.3d 294, 314.) Substantial evidence exists to support the juvenile court's finding.

## DISPOSITION

The judgment is affirmed.


KRIEGLER, J.

We concur:


TURNER, P.J.


BAKER, J.