[No. A052046. First Dist., Div. Two. Nov. 27, 1991.]

THE PEOPLE, Plaintiff and Appellant, v.
EDWARD DEWAYNE SNEAD, Defendant and Respondent.

**COUNSEL**

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Morris Beatus and Ronald E. Niver, Deputy Attorneys General, for Plaintiff and Appellant.

Ozro William Childs, under appointment by the Court of Appeal, for Defendant and Respondent.

**OPINION**

**BENSON, J.**—The superior court suppressed evidence found in respondent Edward Dewayne Snead's hotel room and dismissed the criminal charges against Snead for possession of illegal drugs with intent to sell. The People appeal, arguing the warrantless entry of respondent's hotel room by police in response to a "911" emergency assistance call reporting an accidental stabbing was justified by exigent circumstances. We agree and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 26, 1990, respondent Edward Snead and his wife were staying at the Holiday Inn hotel in Vallejo. About 2 a.m., respondent accidentally cut his foot and called down to the front desk for help. One hotel employee called "911" emergency assistance, while two others went to respondent's room to assist him. Respondent's wife let them into the room, where they found respondent sitting in the bathroom bleeding from his foot. One of the hotel employees packed the bleeding foot with ice.

In response to the "911" call, firemen, police, and paramedics arrived at respondent's room. Four firemen arrived first and entered the bathroom to aid respondent. Shortly thereafter, police officer Mark Coffman and his partner arrived. The paramedics arrived last. Officer Coffman saw firemen in the hallway. The door to respondent's room stood open. Officer Coffman could see into the room, but could not see respondent being treated in the bathroom. Officer Coffman entered the room. To his immediate right he observed respondent being treated in the bathroom. He continued into the room where he spoke with respondent's wife for five to ten minutes and checked her identification. Before leaving the hotel room he verbally identified respondent.

Several hours later, Officer Coffman was contacted by a parole officer who showed him a photograph of a man who Officer Coffman identified as respondent. Respondent was on parole and was wanted on an outstanding warrant. Based on Officer Coffman's identification, probation officers conducted a parole search of respondent's room during which they found two baggies of methamphetamine and one of marijuana.

Respondent was charged with possession for sale of a controlled substance (Health & Saf. Code, § 11378.) At the preliminary hearing, respondent moved to suppress his identification by Officer Coffman and all evidence seized in the subsequent parole search. (Pen. Code, § 1538.5.)[1] The magistrate denied the motion, finding Officer Coffman's conduct reasonable. Respondent renewed his motion to suppress in the superior court. The superior court granted the motion and suppressed the officer's identification of respondent as well as the evidence seized and dismissed the information. The People's appeal followed.

## DISCUSSION

### A. *Scope of Appellate Review*

■ Under section 1538.5, subdivision (i), where a defendant unsuccessfully moves to suppress at the preliminary hearing, the motion may be

---

[1]All further statutory references are to the California Penal Code unless otherwise noted.

renewed at a special hearing in the superior court. At such a special hearing, and where, as here, the evidence is limited to the preliminary hearing transcript, the superior court is "bound by the factual findings of the magistrate and, in effect, becomes a reviewing court drawing all inferences in favor of the magistrate's findings, where they are supported by substantial evidence." (*People* v. *Ramsey* (1988) 203 Cal.App.3d 671, 679 [250 Cal.Rptr. 309]; see also *Anderson* v. *Superior Court* (1988) 206 Cal.App.3d 533, 538-539 [253 Cal.Rptr. 651].)

On appeal, we do not review the findings of the superior court since it acts as a reviewing, and not a fact-finding, court. Rather, "the appellate court disregards the findings of the trial court and reviews the determination of the magistrate who ruled on the motion to suppress." (*People* v. *Ramsey, supra,* 203 Cal.App.3d at p. 679.)[2] In doing so, "all presumptions are drawn in favor of the factual determinations of the [magistrate] and the appellate court must uphold the [magistrate's] expressed or implied findings if they are supported by substantial evidence." (*Ibid.,* quoting *People* v. *Laiwa* (1983) 34 Cal.3d 711, 718 [195 Cal.Rptr. 503, 669 P.2d 1278]; see *People* v. *Trujillo* (1990) 217 Cal.App.3d 1219, 1223-1224 [266 Cal.Rptr. 473].)

■ In reviewing the sufficiency of the evidence, " '[t]he power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted,' to support the trial court's findings." (*Estate of Leslie* (1984) 37 Cal.3d 186, 201 [207 Cal.Rptr. 561, 689 P.2d 133], quoting *Crawford* v. *Southern Pacific Co.* (1935) 3 Cal.2d 427, 429 [45 P.2d 183] and *Jessup Farms* v. *Baldwin* (1983) 33 Cal.3d 639, 660 [190 Cal.Rptr. 355, 660 P.2d 813].) "An appellate court must view the evidence in the light most favorable to [the prevailing party] and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." (*People* v. *Reilly* (1970) 3 Cal.3d 421, 425 [90 Cal.Rptr. 417, 475 P.2d 649].) "Reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding." (*People* v. *Redmond* (1969) 71 Cal.2d 745, 755 [79 Cal.Rptr. 529, 457 P.2d 321].)

### B. *Exigent Circumstances*

■ With these standards in mind, we turn to the People's contention that Officer Coffman's entry into respondent's hotel room in response to the

---

[2]Here, the superior court mistakenly made its own factual findings and did not, apparently, defer to those made by the magistrate. However, since we review the magistrate's ruling and not the decision of the superior court, we simply disregard the superior court's findings and review the sufficiency of the evidence supporting the magistrate's ruling.

"911" call was justified by exigent circumstances. ▪ The exigent circumstance exception to the search warrant requirement consists of both objective and subjective components. (*People* v. *Duncan* (1986) 42 Cal.3d 91, 104 [227 Cal.Rptr. 654, 720 P.2d 2]; 4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Exclusion of Illegally Obtained Evidence, § 2378, p. 2805.) A warrantless entry is justified by exigent circumstances when the officer reasonably believes entry is necessary to preserve life or property. (*People* v. *Lucero* (1988) 44 Cal.3d 1006, 1017 [245 Cal.Rptr. 185, 750 P.2d 1342]; *Duncan, supra*, at p. 104; *People* v. *Ramey* (1976) 16 Cal.3d 263, 276 [127 Cal.Rptr. 629, 545 P.2d 1333].) There is no ready litmus test for determining whether such circumstances exist, and in each case the claim of an extraordinary situation must be measured by the facts known to the officers. (*Lucero, supra*, at p. 1017; *Ramey, supra*, at p. 276.)

▪ We first examine the objective component of the exigent circumstances test. While we have found no California decisions directly on point, the present case is factually indistinguishable from *U.S.* v. *Gillenwaters* (4th Cir. 1989) 890 F.2d 679. In *Gillenwaters*, the police responded to a report of a stabbing at defendant's home and arrived while the paramedics were still treating the victim. (*Id.* at p. 680.) Officers briefly questioned the victim and while in the home noticed drug paraphernalia. (*Ibid.*) In denying defendant's motion to suppress the drug evidence the court found the officer's entry was justified by exigent circumstances, stating that, "[the officer] was responding to an emergency call; he arrived while the victim was still receiving emergency medical treatment on the scene; he attempted to obtain evidence from her concerning her assailant. His presence was unquestionably justified by exigent circumstances, and his observations made in the room where the victim lay bleeding—fall within the scope of the plain view doctrine." (*Id.* at p. 682; see also *United States* v. *Brand* (5th Cir. 1977) 556 F.2d 1312 [officer's warrantless entry in response to medical emergency justified by exigent circumstances].)

While in the present case Officer Coffman responded to an "accidental stabbing" and in *Gillenwaters* the officer responded to simply a "stabbing," we find this distinction of no significance. In both cases officers responded to an emergency call, arrived while the victim was being treated by medical personnel, entered and conducted limited questioning of those present. Moreover, as in *Gillenwaters*, Officer Coffman's entry was minimally intrusive. He simply entered the open hotel door while attendants were treating respondent, remained for five to ten minutes, identified respondent and his wife, and left after determining there was no danger. The officer arrived only a short time after the firefighters, and in fact arrived before the paramedics. Under these circumstances, we agree with the magistrate that Officer Coffman's warrantless entry was objectively reasonable. Under the circumstances, we would expect nothing less of an officer than the minimally intrusive actions taken here.

We turn next to Officer Coffman's subjective belief that he was responding to an exigency. Implicit in the magistrate's denial of respondent's motion to suppress was the finding that the officer believed he was entering in response to an emergency. While an officer must have a good faith belief his entry is justified by an emergency, such an emergency need not be his sole or even primary motivation. (*People* v. *Duncan, supra,* 42 Cal.3d at p. 104.) The California Supreme Court has said that, "[i]t is unreasonable to expect an officer to be unconcerned with the collection of evidence and the capture of criminals. While the trial court must find that the officer believed an emergency to exist, reasonable actions taken by the officer should not preclude such a finding." (*Ibid.*)

 Here, in response to a "911" call for emergency help, Officer Coffman was dispatched to check out an accidental stabbing. When he arrived, soon after the wound was inflicted, medical personnel were present and treating respondent. The hotel room door was open. He entered, according to his testimony, "to see what was going on." The magistrate could reasonably have inferred that Officer Coffman entered to check on the safety of the occupants of the room. Based on these facts, the magistrate's implicit finding that Officer Coffman entered to address an exigency is supported by substantial evidence.

Under the circumstances of this case, where a police officer responds to a call for emergency help after an accidental stabbing, we hold that the officer may, without a warrant, lawfully enter private premises along with those providing medical aid for the limited purpose of ensuring the safety of those present.[3]

## DISPOSITION

The order dismissing the action is reversed; the trial court will set aside the order suppressing evidence.

Kline, P. J., and Peterson, J., concurred.

Respondent's petition for review by the Supreme Court was denied February 11, 1992.

---

[3]In light of our holding that the officer's entry was justified by exigent circumstances, we need not reach the People's alternative arguments nor respondent's contention that new theories may not be raised on appeal.