Filed 5/10/16  P. v. Pierce CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D068218 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD259018) |
| VERONICA PIERCE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Louis R. Hanoian, Judge.  Affirmed.

Jordan H. Schweller for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Barry Carlton, Sabrina Y. Lane-Erwin and James H. Flaherty III, Deputy Attorneys General, for Plaintiff and Respondent.

Veronica Pierce appeals from a judgment after guilty verdicts on two counts of marijuana-related offenses. Pierce challenges the trial court's denial of her motion to suppress evidence following her detention and a warrantless search prior to her arrest. We will affirm on the basis that, because Pierce was not in custody at the time of the search, she was not entitled to the protections of *Miranda v. Arizona* (1966) 384 U.S. 436 (*Miranda*).

I.

FACTUAL AND PROCEDURAL BACKGROUND[1]

On October 8, 2014, San Diego Police Department Detective John Mc Gill was working an undercover assignment with the narcotics task force's commercial interdiction team. After surveilling Pierce and her codefendant, Tyrone Jabari White, for most of the day, McGill detained Pierce at the FedEx shipping center on 47th Street in San Diego. At the time of the initial contact by McGill, Pierce was at the counter, filling out a shipping label for a box in her possession, and White was outside in the parking lot. McGill did not believe he had probable cause to arrest Pierce or White at that time.

As McGill approached Pierce, he identified himself as a police officer; showed her his badge; and said, " 'Let's go outside with your friend.' " McGill was not in uniform, and although he was carrying a gun, it was under his shirt and not in view. McGill took the box off the counter, and Pierce accompanied him outside. In the parking lot, five or

---

[1] "In reviewing the trial court's denial of a motion to suppress evidence, we view the record in the light most favorable to the trial court's ruling . . . ." (*People v. Jenkins* (2000) 22 Cal.4th 900, 969 (*Jenkins*).)

six police officers were talking with White approximately 20 feet away from McGill and Pierce.

Once outside, McGill asked Pierce about her relationship with White. Pierce could not identify White by name, although she stated that she had been driving around with her "friend" all day. McGill requested and Pierce produced her personal identification, which indicated that she was from New York.

With heightened suspicion, McGill explained to Pierce: he had been a police officer for over 30 years; he had followed her and White all day — to a Postal Annex store where White had purchased several collapsed boxes and Styrofoam peanuts, to the United States Post Office on Stevens Way, to a residence near 68th Street, and then to the FedEx shipping center; and he believed the box contained marijuana. Although Pierce did not say anything, she shook her head in a manner to indicate "no." McGill responded, " 'If [the box] doesn't have marijuana, is there cocaine in it?' " — to which Pierce replied, " '*No. Just a little weed*.' " (Italics added.) The police officers opened the box, found what they believed to be marijuana and McGill arrested Pierce.[2] Pierce was not advised of her rights under *Miranda* up to this point.

The entire event — from McGill's initial contact inside the FedEx store to Pierce's incriminating statement in the parking lot — took less than five minutes. At no time was

---

[2]     The record is not clear as to whether McGill or one of the other officers opened the box and made the determination that it contained marijuana.

3

Pierce under arrest or in handcuffs or otherwise restrained (and, indeed, no police officer other than McGill even approached Pierce) until her arrest.

The District Attorney charged Pierce and White with transporting more than 28.5 grams of marijuana in violation of Health and Safety Code section 11360, subdivision (a), and possession of marijuana for sale in violation of Health and Safety Code section 11359.

Relying on Penal Code section 1538.5, Pierce filed a motion to suppress all evidence, observations and other fruits of the warrantless search and seizure that took place immediately before her arrest.[3] After hearing the evidence at the preliminary examination, the court denied the motion and found sufficient cause to hold Pierce to answer the two-count complaint.[4]

On the first day of trial prior to selecting a jury, in an in limine motion Pierce renewed her motion to suppress her incriminating statement regarding weed. After hearing evidence and argument, the court denied the motion, ruling that there was no *Miranda* violation because Pierce was not in "custody" for purposes of *Miranda* at the time she made the statement.

---

[3]    "A defendant may move for the return of property or to suppress as evidence any tangible or intangible thing obtained as a result of a search or seizure on . . . the following grounds: [¶]  (A) The search or seizure without a warrant was unreasonable." (Pen. Code, § 1538.5, subd. (a)(1).).)

[4]    The court denied a similar motion brought by White, who also was held to answer the complaint. White is not involved in this appeal.

The case proceeded to trial, and the jury found Pierce guilty on both counts. The court sentenced Pierce to 120 days in jail and three years of felony probation and ordered her to pay $2,264 in various fees, fines and assessments.

Pierce timely appealed.

III.

DISCUSSION

Pierce contends the trial court erred in denying her motion to suppress evidence on two grounds. First, she argues that her detention by McGill was constitutionally infirm, because he lacked the requisite reasonable suspicion to stop and question her. Next, she argues that McGill's search and seizure were constitutionally infirm, because she was in custody at the time she made the incriminating statement about the weed and had not been advised of her rights under *Miranda*. Pierce did not meet her burden of establishing reversible error on either ground; thus, we will affirm the judgment.

A.   *Pierce Forfeited Appellate Review of the Reasonableness of McGill's Suspicion to Detain Her*

Pierce first contends that McGill unlawfully detained her. She argues that, because McGill's surveillance of her during the day — more specifically, his use of binoculars and a long-lens camera — was an unreasonable search, McGill did not have the requisite reasonable suspicion to stop and detain her under *Terry v. Ohio* (1968) 392 U.S. 1.[5]

---

[5]   "Reasonable suspicion is a lesser standard than probable cause, and can arise from less reliable information than required for probable cause . . . ." (*People v. Wells* (2006) 38 Cal.4th 1078, 1083.)

We need not and do not address this argument, however. Pierce forfeited appellate review of the issue by not properly raising it in the trial court.

"[I]f defendants have a specific argument *other than the lack of a warrant* as to why a warrantless search or seizure was unreasonable, they must specify that argument as part of their motion to suppress and give the prosecution an opportunity to offer evidence on the point. . . . [¶] . . . [¶] [U]nder [Penal Code] section 1538.5, as in the case of any other motion, defendants must specify the precise grounds for suppression of the evidence in question . . . ." (*People v. Williams* (1999) 20 Cal.4th 119, 130, citations omitted.) "Defendants cannot . . . lay a trap for the prosecution by remaining completely silent until the appeal about issues the prosecution may have overlooked." (*Id.* at p. 131.) "[Defendants] must set forth the factual and legal bases for the motion . . . . '[T]he scope of issues upon review must be limited to those raised during argument . . . . This is an elemental matter of fairness in giving each of the parties an opportunity adequately to litigate the facts and inferences relating to the adverse party's contentions.' " (*Id.* at p. 136, citations omitted; accord, *People v. Weaver* (2001) 26 Cal.4th 876, 924 [issue not preserved for appeal where defendant did not raise issue in written motion to suppress or orally at hearing].)

In the trial court, Pierce did not include an unlawful detention — i.e., a lack of reasonable suspicion — as a basis on which the evidence should be suppressed.[6] Thus,

---

6       To the extent Pierce mentioned "detention" in the boilerplate legal authorities in her motion to suppress (decided at the preliminary examination), her failure to have included the detention as part of her renewed motion (decided on the first day of trial) is

6

the issues on review here do not include the reasonableness of the stop and arguable detention.

B.    *The Trial Court Did Not Err in Denying Pierce's Motion to Suppress*

The principal issue on appeal is whether Pierce was "in custody" at the time of her incriminating statement regarding the weed.  If so, then McGee's failure to have given Pierce *Miranda* warnings requires a reversal of the order denying the motion to suppress; if not, then the trial court properly denied the motion.

1.    *Law*

In *Miranda*, *supra*, 384 U.S. 436, 444, the United States Supreme Court imposed constitutional limitations — which the Court described as "procedural safeguards effective to secure the privilege against self-incrimination" — on police authority to conduct a custodial interrogation of a suspect.  Our state high court summarized these safeguards as follows:  " ' "[B]efore being subjected to 'custodial interrogation,' a suspect 'must be warned he has a right to remain silent, that any statement he does make may be used as evidence against him, and that he has a right to the presence of an attorney, either retained or appointed.' " ' " (*People v. Kopatz* (2015) 61 Cal.4th 62, 80 (*Kopatz*), quoting from *Miranda*, at p. 444.)  Evidence obtained in violation of these safeguards is

---

fatal to her preservation of the issue for appellate review.  (*People v. Lilienthal* (1978) 22 Cal.3d 891, 896-897; *People v. Richardson* (2007) 156 Cal.App.4th 574, 584 [to preserve issue for appeal, defendant must have "raised the search and seizure issue *in the superior court* — i.e., at some point *after* preliminary proceedings before the magistrate"]; *People v. Garrido* (2005) 127 Cal.App.4th 359, 364 ["where the defendant moves to suppress evidence at the preliminary hearing, he or she must again raise the issue of the validity of a search in superior court in order to preserve the issue for appeal"].)

7

"constitutionally inadmissible." (*Miranda*, at p. 440.) Stated differently, "[a]bsent 'custodial interrogation,' *Miranda* simply does not come into play." (*People v. Mickey* (1991) 54 Cal.3d 612, 648.)

To determine whether Pierce was "in custody" at the time of her incriminating statement, the test is "whether a reasonable person would have felt he or she was at liberty to leave [either the FedEx store or the parking lot] or to decline [McGill's] request[] to go [outside] and be interviewed there." (*Kopatz*, *supra*, 61 Cal.4th at p. 80; see *Yarborough v. Alvarado* (2004) 541 U.S. 652, 663 [" 'would a reasonable person have felt he or she was not at liberty to terminate the interrogation and leave' "].) If a reasonable person in Pierce's position would not have felt she was at liberty to leave, then the evidence from Pierce's interview in the parking lot is inadmissible, because it was obtained from a *person* who was unlawfully "seized in violation of the Fourth Amendment" — i.e., in custody without the benefit of the safeguards that result from not being told her rights against self-incrimination under *Miranda*. (*Kopatz*, at p. 80.)

In ruling on a defendant's motion to suppress evidence based on a Fourth Amendment claim, the trial court finds the historical facts, selects the appropriate law and applies it to the facts to determine whether there has been a violation of law. (*Kopatz*, *supra*, 61 Cal.4th at p. 79.) On appeal, we review the factual findings for substantial evidence and the application of the law to those facts de novo.[7] (*Ibid.*) Under the

---

[7] Without authority, Pierce contends that the standard of review is abuse of discretion. The People do not suggest a standard of review.

substantial evidence test, we review the whole record in a light most favorable to the order denying suppression (*Jenkins*, *supra*, 22 Cal.4th at p. 969) to determine whether it discloses "evidence ' "reasonable in nature, credible, and of solid value; it must actually be 'substantial' proof of the essentials which the law requires in a particular case" ' " (*People v. Samuel* (1981) 29 Cal.3d 489, 505).

2.      *Analysis*

The trial court found that up to and including the time at which Pierce made the statement in the parking lot regarding weed she was merely detained, not in custody. That finding is supported by substantial evidence:  McGill was not in uniform; McGill did not display a weapon or handcuffs; the events took place in a public commercial establishment; McGill was the only officer who approached Pierce;[8] Pierce was not placed under arrest; and the entire event from McGill's initial contact inside the FedEx store to Pierce's incriminating statement in the parking lot took less than five minutes.

Citing *People v. Manis* (1969) 268 Cal.App.2d 653, Pierce suggests that once McGill "accused [Pierce] of trafficking in cocaine," the stop "went from mere detention to custody."  We disagree.  We do not consider McGill's question " 'If [the box] doesn't have marijuana, is there cocaine in it?' " to be *accusing* Pierce of trafficking in cocaine. Indeed, the authority on which Pierce relies, *Manis*, fully supports our conclusion:  "Only

---

8      Although we recognize that the evidence on this point is conflicting, in our review of the record we consider only *the substantiality of the evidence in support of the ruling actually made*, not whether other evidence in the record " 'might also be reasonably reconciled with a contrary finding.' "  (*People v. Snead* (1991) 1 Cal.App.4th 380, 384 [sufficiency of evidence in support of ruling on motion to suppress].)

9

when suspicion focuses sharply enough to provide *reasonable cause for arrest or charge* does the relationship between the police and the person detained become that of accuser and accused." (*Id.* at p. 667, italics added.) Here, when Pierce and McGill were in the parking lot, there is nothing to suggest that McGill had reasonable cause to arrest Pierce at the time of his question; thus, there is nothing to suggest that McGill's question was an accusation sufficient for a reasonable person in Pierce's situation to believe she was then in custody. Indeed, as *Manis* reaffirms, the requirement to provide *Miranda* warnings does not affect " '[g]eneral on-the-scene questioning as to facts surrounding a crime.' " (*Id.* at p. 669, quoting from *Miranda*, *supra*, 384 U.S. at p. 477.)

The trial court's findings are supported by substantial evidence, and our independent review does not disclose any error in the court's application of the appropriate law to the facts.

DISPOSITION

The judgment is affirmed.

IRION, J.

WE CONCUR:

NARES, Acting P. J.

McDONALD, J.

10