Filed 6/13/16  P. v. Silva CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>HECTOR TORRES SILVA,<br><br>     Defendant and Appellant. | F069788<br><br>(Merced Super. Ct.<br>No. CRM032849)<br><br><br>**OPINION** |

## THE COURT*

APPEAL from a judgment of the Superior Court of Merced County.  Ronald W. Hansen, Judge.

Cynthia Lee Barnes, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*     Before Levy, Acting P.J., Gomes, J. and Poochigian, J.

Appellant Hector Silva Torres appeals the denial of his motion to suppress the 24 pounds of marijuana found in his truck as the fruit of an illegal search. Appellant claims the trial court wrongly found probable cause existed for the search based on the testimony of California Highway Patrol Officer Shandara Kensey and certain allegedly illegally obtained text messages. For the reasons set forth below, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

While on patrol in Merced County on April 7, 2014, Officer Kensey observed a Chevy truck fail to stop at the limit line of a stop sign. The truck ultimately came to a stop roughly 10 feet beyond the line, before turning right and proceeding to a gas station.

Officer Kensey followed and parked his patrol car behind the truck, but did not activate his lights or sirens. As he approached the driver's side window, but before reaching the vehicle, Officer Kensey testified he "could smell the strong odor of raw marijuana emitting from within the vehicle." Appellant stipulated that Officer Kensey was an expert in marijuana and marijuana trafficking, a fact supported by his more than 300 hours of formal training and 15 years of experience.

When Officer Kensey reached appellant's truck, he recognized that appellant had limited English language skills and asked appellant, in Spanish, for his license. Appellant complied. Officer Kensey has limited Spanish language skills. Thus, Officer Kensey relied, at least in part, on motions to request appellant exit his truck, which appellant did. Officer Kensey then asked appellant, it is unknown whether in English or Spanish, if there was marijuana in the truck. Appellant denied marijuana was present.

Officer Kensey's and appellant's recollections meaningfully diverge at this point. Officer Kensey testified that he asked appellant whether he could perform a search of the truck, and appellant responded by asking for a consent form by saying the word "forma" and indicating a signing motion. Appellant denies asking for a consent form and contends he was asking whether Officer Kensey had a search warrant. Officer Kensey then returned to his patrol car, filled out a Spanish language consent form—which

2.

indicates on a second page, written in English, that Officer Kensey smelled marijuana in the vehicle—and presented the form to appellant for his signature. Appellant signed the form.

Around this time, an employee of the gas station approached the two in the course of his job duties. Officer Kensey requested the employee translate, which he did. The employee testified he was asked to tell appellant he had been pulled over for failing to stop at the limit line and would receive a warning and sent on his way as soon as Officer Kensey searched his truck. Although appellant asked why his truck was being searched, the employee did not recall any discussion about marijuana and, estimating he was approximately five feet away from the truck, did not smell any marijuana himself.

The search of appellant's truck revealed 24 pounds of marijuana, individually wrapped with plastic in one pound blocks and concealed in larger trash bags behind the driver and passenger side seats. Appellant was arrested. A subsequent search of his cell phone uncovered multiple text messages relating to the sale of marijuana.

Appellant moved to suppress, primarily arguing there was no valid consent for the search. At the suppression hearing, the court ultimately agreed that consent was an insufficient ground to support the search, but questioned why Officer Kensey did not have probable cause to conduct the search based on the smell of marijuana he identified. Conceding it was a credibility determination, appellant's counsel argued the testimony from the gas station employee and the unbelievable testimony that appellant would request a consent form was a proper basis to reject Officer Kensey's assertion he smelled marijuana. After further discussion, the court indicated clearly that it saw the issue before it as a determination whether or not to credit the testimony of Officer Kensey.

The court then engaged in a substantial colloquy with both appellant's counsel and the People regarding the difficulty the court was having with the suggestion it should reject Officer Kensey's testimony regarding the smell of marijuana. In doing so, the court noted that the gas station employee did not suggest he was particularly close to the

3.

truck, while Officer Kensey was "just off the rear driver's side door" when he smelled the marijuana. And it noted specifically that Officer Kensey was "clearly qualified" to determine the smell of marijuana. Following this discussion, the court concluded, "it's not a judgment credibility issue. I would really truly have to find that Kensey was lying about what he smelled, or that he smelled it right there. . . . [¶] I can't take it a step -- that far because when he walked up, I think -- based on what I've see here, the fact -- let me put it this way. It was clearly skunk or stinky marijuana. I don't think -- it's called that for a reason because as far as the odor, it's way stronger than any other type of odor. That's in the evidence. I know I can at least use that to corroborate Kensey's statement."

Having completed its analysis, the court denied the motion, stating: "So I do find that the automobile exception applies and he had probable cause to search the vehicle based on his initial contact way in the beginning before he even got into the issue because those -- that was his testimony about his first observations. That's what he said. As soon as he walked up, he smelled it. That's PC enough. So I'm going to deny the motion."

Appellant later filed a motion to dismiss pursuant to Penal Code section 995, arguing there was insufficient cause to hold him for the charged crime because the court erred in denying his motion to suppress. Specifically, appellant argued a recent change in the law made the search of appellant's cell phone invalid and, therefore, the court could not rely on appellant's text messages when finding probable cause. Appellant argued that without the text messages, the court would have rejected Officer Kensey's testimony and thus would not have found probable cause for the search. The court again rejected appellant's argument, finding the initial credibility determination was not dependent upon the text messages.

Appellant then entered a no contest plea. This appeal timely followed.

4.

## DISCUSSION

Appellant alleges there is insufficient evidence to support the court's finding that Officer Kensey smelled marijuana as he approached appellant's truck. Appellant primarily asserts that Officer Kensey's testimony cannot be relied upon to establish probable cause for a search based on the smell of marijuana near appellant's truck. Relatedly, appellant contends the court should have excluded any evidence of text messages from his phone. Appellant argues that, without the text messages, the court would have wholly rejected Officer Kensey's testimony and granted appellant's motion to suppress. Appellant does not allege the court erred in its legal analysis once the contested evidence was considered.

### *Standard of Review and Applicable Law*

Our standard of review for a motion to suppress is governed by well-established principles. (*People v. Ormonde* (2006) 143 Cal.App.4th 282, 290.) "As the finder of fact in a proceeding to suppress evidence (Pen. Code, § 1538.5), the superior court is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable." (*People v. Woods* (1999) 21 Cal.4th 668, 673.) "We review the court's resolution of the factual inquiry under the deferential substantial-evidence standard." (*People v. Saunders* (2006) 38 Cal.4th 1129, 1134.) We then independently apply the requisite legal standard to the facts presented. (*People v. Celis* (2004) 33 Cal.4th 667, 679.)

"In reviewing the sufficiency of the evidence, ' "[t]he power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the trial court's findings.' [Citations.] 'An appellate court must view the evidence in the light most favorable to [the prevailing party] and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.] 'Reversal is not warranted merely

5.

because the circumstances might also be reasonably reconciled with a contrary finding.' " (*People v. Snead* (1991) 1 Cal.App.4th 380, 384.)

### *Substantial Evidence Supports the Court's Factual Determination*

Appellant argues the court lacked substantial evidence showing Officer Kensey smelled marijuana as he approached appellant's truck. In this matter, Officer Kensey, a 15-year veteran of the California Highway Patrol who was deemed an expert in marijuana and marijuana trafficking, testified he smelled the odor of raw marijuana as he approached appellant's truck. As a general principle, this testimony is sufficient to support the factual conclusion that Officer Kensey did, in fact, smell marijuana when approaching the truck. (*People v. White* (2014) 230 Cal.App.4th 305, 319, fn. 14 (*White*).)

Appellant contends, however, that the court was obligated to disregard Officer Kensey's testimony because his credibility "was irreparably damaged." We disagree. "The circumstances in which an appellate court may properly decline to credit testimony are exceptional and rare." (*White*, *supra*, 230 Cal.App.4th at p. 319, fn. 14.) "Testimony may be rejected only when it is inherently improbable or incredible, i.e., ' "unbelievable per se," ' physically impossible or ' "wholly unacceptable to reasonable minds." ' " (*Oldham v. Kizer* (1991) 235 Cal.App.3d 1046, 1065.)

There is nothing improbable in Officer Kensey's testimony. Although there are potential conflicts between his testimony regarding the smell of marijuana and that of the gas station employee, "the testimony of a witness is ordinarily sufficient to uphold a judgment 'even if it is contradicted by other evidence, inconsistent or false as to other portions.' " (*White*, *supra*, 230 Cal.App.4th at p. 319, fn. 14.) Moreover, the potential conflict could be resolved without discrediting Officer Kensey's testimony. As the court noted, Officer Kensey was an expert in marijuana who was closer to the truck than the lay witness. It is not improper to infer from these facts that Officer Kensey smelled marijuana, while the employee did not.

Similarly, the alleged conflict between Officer Kensey and appellant regarding appellant's consent to a search does not require the court to disregard Officer Kensey's testimony. While it is true that the court ultimately found consent to be an insufficient basis for the search, it did not have to discredit Officer Kensey's testimony to reach this conclusion. The facts show a substantial language barrier existed between Officer Kensey and appellant. It is entirely reasonable to conclude that Officer Kensey misinterpreted appellant's request or that appellant misinterpreted Officer Kensey's statements. Both scenarios could vitiate consent without substantially affecting Officer Kensey's credibility. (See *Florida v. Royer* (1983) 460 U.S. 491, 497 [noting "the State has the burden of proving that the necessary consent was obtained and that it was freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority"].)

However, even if Officer Kensey was deemed mistaken or incredible on this point, the court could still rely on his testimony regarding the marijuana smell. A fact finder may appropriately "disbelieve a witness who deliberately lies about something significant because experience has taught us that a deliberate liar cannot be trusted. The same is not true of a witness who is merely mistaken at some points in her testimony." (*People v. Vang* (2009) 171 Cal.App.4th 1120, 1130 [discussing witness credibility in the context of CALCRIM No. 226].) Simply put, "a trier of fact is permitted to credit some portions of a witness's testimony, and not credit others." (*People v. Williams* (1992) 4 Cal.4th 354, 364.) This is a well-settled principle that remains true even when it is determined that the witness deliberately lied about a different fact. (*People v. Kennedy* (1937) 21 Cal.App.2d 185, 201-202 [upholding jury instruction that properly recounted a rule which "permits a juror to accept other testimony of a witness who has willfully sworn falsely regarding a material fact, if, in spite of merited suspicion on the part of the juror, he still believes the balance of the testimony to be true"].)

In this case, the court could properly rely upon Officer Kensey's experience, expertise, and relative proximity to the truck, to find his testimony regarding the smell of raw marijuana true. This remains so even if we assume the court determined Officer Kensey was not truthful regarding the consent interactions. As such, we defer to the court's factual finding that Officer Kensey smelled marijuana when he approached the truck and need not resolve appellant's claim that the court should have excluded appellant's text messages from the record because substantial evidence supports the finding without the text messages.

## DISPOSITION

The judgment is affirmed.