Filed 8/1/16  P. v. White CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, Plaintiff and Respondent, v. KATHLEEN MICHELLE WHITE, Defendant and Appellant. | F072486 (Super. Ct. No. BF156071A) OPINION |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  John S. Somers, Judge.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Catherine Chatman and Raymond L. Brosterhous II for Plaintiff and Respondent.

-ooOoo-

[*]Before Levy, Acting P.J., Kane, J., and Smith, J.

## *INTRODUCTION*

After denial of her motion to suppress, appellant Kathleen Michelle White entered into a plea agreement whereby she pled guilty to one misdemeanor count of violating Health and Safety Code section 11357, subdivision (c), possession of more than one ounce of marijuana. In exchange for her plea, a felony charge of possession for sale was dismissed, and White was accepted into the deferred-entry-of-judgment program set forth in Penal Code[1] section 1000. White appealed, contending the trial court erred in denying the motion to suppress. We affirm.

## *FACTS AND PROCEDURAL HISTORY*

There was no trial, as White pled guilty to a misdemeanor pursuant to a plea bargain.

On June 3, 2015, White was charged with one felony count of possession of marijuana for sale, a violation of Health and Safety Code section 11359. At the June 10, 2015 arraignment, White appeared with the public defender and pled not guilty.

On June 11, 2015, White filed a motion to suppress pursuant to section 1538.5, contending the warrantless search was conducted without consent and in violation of the Fourth Amendment. The People filed an opposition to the motion, contending the entry into White's residence was consensual.

A hearing on the suppression motion was held on September 15, 2015. Deputy Sheriff Brandon Gherity testified at the suppression hearing. On the morning of October 28, 2013, Gherity received an anonymous tip that the person living in space No. 35 at a trailer park on State Route 178 was selling large quantities of marijuana. Later that day, Gherity drove out to the trailer park and knocked on the door of the trailer occupying space No. 35. Gherity stepped back off the trailer's porch and stood on the

---

[1]References to code sections are to the Penal Code unless otherwise specified.

ground. White answered the door. She remained standing on the porch, with the front door "slightly open."

Gherity asked White if she was the "homeowner of the residence," and White responded, "yes." Gherity then asked White if she possessed marijuana; when White answered affirmatively, Gherity asked if she had a medical marijuana card. White stated she did have a medical marijuana card, and Gherity asked White if the marijuana was in the residence at space No. 35; White indicated it was inside the residence. Gherity indicated he "wanted to conduct a compliance check to make sure she was in compliance with her medical marijuana card."

When Gherity told White he wanted to do a compliance check, White turned away from Gherity and fully opened the front door. White stepped inside her residence, turned toward Gherity, and allowed him to enter. White did not say anything to Gherity, but she held the door open for him.

After Gherity entered the residence, White shut the front door and led him through the trailer to the "east side bedroom." When they arrived at the bedroom, White walked to the bedroom closet, opened the closet door, and revealed 43 mason jars containing marijuana.

White and Gherity walked back out to the living room and Gherity conducted an interview. Gherity asked White how much marijuana she consumed each day; White responded that she used "half a gram every day." In response to a question, White indicated she was the only marijuana user residing at the trailer.

While at the trailer, Gherity never drew his firearm, did not draw any other weapon, did not threaten White, did not use any force against White, and did not make any promises to her. White was not detained, handcuffed, or arrested at this time. After Gherity stepped inside, White never told him to get out or to leave.

Gherity's partner was with him when he went to the trailer park. When White opened her front door, Gherity and his partner were both standing about 10 to 15 feet away in the front yard.

On cross-examination, Gherity confirmed that he told White he was "going to conduct a search of the residence to confirm" she was in compliance with her medical marijuana recommendation.

At the conclusion of Gherity's testimony, the defense argued the suppression motion should be granted. The People argued the encounter started off as a consensual encounter and that White consented to the search as demonstrated by her conduct of opening the door, stepping aside for Gherity to enter, and then leading him to the marijuana in the closet.

In denying the motion to suppress, the trial court stated:

"Based on the fact that the officer was standing in the yard, quite a distance away from Ms. White, the fact that he told her he wanted to conduct a compliance check, and the fact that she opened the door and allowed him into the residence, it was reasonable for him to believe that she was consenting to his search of the residence for the compliance check."

On October 5, 2015, the People and White entered into a plea agreement. The People moved to amend the complaint to add a misdemeanor count of possession of more than one ounce of marijuana, a violation of Health and Safety Code section 11357, subdivision (c). The parties agreed that White would plead guilty to the misdemeanor offense, and the felony offense would be dismissed, conditioned upon White being eligible for the section 1000 deferred-entry program.

White had initialed and signed forms indicating she had been advised of her constitutional rights, was waiving those rights, and acknowledged the notice of the deferred-entry-of-judgment program. The trial court verified that White had in fact initialed and signed the forms, read and understood the forms, and was waiving her rights.

The parties stipulated that the preliminary hearing transcript contained a factual basis for the plea. The trial court accepted White's plea and found that she had "been fully advised of the consequences of her plea and of her rights and that she's freely, voluntarily, and intelligently waived those rights." The felony count was dismissed. The trial court ordered White to report to the probation department for processing for the deferred-entry-of-judgment program.

On October 6, 2015, White filed a notice of appeal. The notice stated that the appeal was based on the denial of the motion to suppress.

## *DISCUSSION*

The only issue raised by White in this appeal is whether the trial court erred in denying the suppression motion. White contends her purported consent was coerced. She argues that, because her purported consent was coerced, Gherity's illegal entry into her home taints the evidence and requires reversal of her conviction as the evidence should have been excluded.

### *Standard of review*

Our standard of review for a motion to suppress is governed by well-established principles. (*People v. Ormonde* (2006) 143 Cal.App.4th 282, 290.) "As the finder of fact in a proceeding to suppress evidence (Pen. Code, § 1538.5), the superior court is vested with the power to judge the credibility of the witnesses, resolve any conflicts in the testimony, weigh the evidence and draw factual inferences in deciding whether a search is constitutionally unreasonable." (*People v. Woods* (1999) 21 Cal.4th 668, 673.) When there is no controversy concerning the underlying facts, the only issue is whether the law, as applied to the facts, was violated. (*People v. Werner* (2012) 207 Cal.App.4th 1195, 1203.)

Our review defers to the trial court's factual findings and independently applies the requisite legal standard to the facts presented. (*People v. Celis* (2004) 33 Cal.4th 667, 679.) "We review the court's resolution of the factual inquiry under the deferential

5.

substantial-evidence standard." (*People v. Saunders* (2006) 38 Cal.4th 1129, 1134.) We then independently apply the requisite legal standard to the facts presented. (*People v. Celis, supra,* at p. 679.)

### Sufficient evidence of consent

To be valid, a consent to search must be freely and voluntarily given. The voluntariness of a consent to search is a question of fact to be determined from the totality of the circumstances. (*People v. Boyer* (2006) 38 Cal.4th 412, 445.) Trial courts have identified many factors to be considered in determining whether consent has been coerced, including whether weapons were drawn, whether the person giving consent was under arrest, and whether the consenting person experienced a significant interruption of his or her liberty. No single factor is dispositive. (*People v. Avalos* (1996) 47 Cal.App.4th 1569, 1578.)

"In reviewing the sufficiency of the evidence, '"[t]he power of the appellate court begins and ends with a determination as to whether there is any substantial evidence, contradicted or uncontradicted," to support the trial court's findings.' [Citations.] 'An appellate court must view the evidence in the light most favorable to [the prevailing party] and presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence.' [Citation.] 'Reversal is not warranted merely because the circumstances might also be reasonably reconciled with a contrary finding.'" (*People v. Snead* (1991) 1 Cal.App.4th 380, 384.)

Here, the request to conduct a compliance check took place "in an environment most familiar and comforting to her—her own home." (*People v. Boyer, supra,* 38 Cal.4th at p. 446.) There is no indication Gherity behaved discourteously; he never drew or displayed his gun or any other weapon; never handcuffed White; never used any force against White; never placed her under arrest; and never made any promises to her in order to gain her cooperation.

6.

Gherity made his request to search the premises while standing 10 to 15 feet away from White, in her front yard, while she was in the doorway. After Gherity stated he wanted to do a compliance check, White stepped inside her residence, turned toward Gherity, and allowed him to enter. White did not say anything to Gherity, but she held the door open for him. After Gherity entered the residence, White shut the front door and led him through the trailer to the "east side bedroom." When they arrived at the bedroom, White walked to the bedroom closet, opened the closet door, and revealed 43 mason jars containing marijuana.

At no time did White ask Gherity to leave, she never indicated she was refusing entry to Gherity, and she never indicated she felt she had no choice in the matter. No one, including White, testified at the suppression hearing to contradict Gherity's testimony.

The trial court found the circumstances were not coercive and, by her actions, White consented to the search. Gherity's testimony is sufficient to support the trial court's factual finding that White consented to the search. (*People v. White* (2014) 230 Cal.App.4th 305, 319, fn. 14; *People v. Miller* (1999) 69 Cal.App.4th 190, 202.) For us to reject this testimony, White would have to show that Gherity's testimony should not be credited. "The circumstances in which an appellate court may properly decline to credit testimony are exceptional and rare." (*White, supra,* at p. 319, fn. 14.) There is no reason to discredit Gherity's testimony.

### Conclusion

Reviewing the trial court's resolution of the factual inquiry under the deferential substantial-evidence standard, we conclude substantial evidence supports the trial court's finding that White consented to the search. (*People v. Saunders, supra,* 38 Cal.4th at p. 1134.) White having consented to the search, the trial court did not err in denying the motion to suppress. (*People v. Celis, supra,* 33 Cal.4th at p. 679.)

## *<u>DISPOSITION</u>*

The judgment is affirmed.